

**JOHN D. LOVI**
MANAGING PARTNER
1201 Broadway
9th Floor
New York, New York 10001

P: (212) 779 3070 x 104
F: (212) 779 3070
john@blackstone-law.com

December 4, 2017

*By ECF*

Hon. P. Kevin Castel
United States District Judge
500 Pearl Street
Courtroom: 11D
New York, NY 10007-1312

  Re: *iSentium v. Bloomberg Finance L.P. et al.*, 17-cv-7601(PKC)

Dear Judge Castel:

Counsel in the above-referenced matter submit this Joint Pretrial Memo in response to this Court's October 6, 2017 Order (Doc. #14). The Court has scheduled an Initial Pretrial Conference in this matter for December 8, 2017, at 12:00 p.m.

**I.** **Brief Description of the Case**

Plaintiff iSentium LLC ("iSentium") is a technology company formed to create applications for processing and analyzing the user sentiment of massive amounts of social media content on a real-time basis and transforming this unstructured data into actionable indicators for use in finance, politics, marketing, among others. iSentium has obtained a patent for its key technology, known as the '056 Patent.

Plaintiff's contentions are as follows. iSentium entered into a business relationship with Bloomberg in 2013 to incorporate iSentium's sentiment analysis technology ("iSense") onto the Bloomberg Terminal trading platform. The relationship centered around several agreements, including a Mutual Non-Disclosure Agreement ("MNDA"). iSentium's development of iSense eventually outpaced the technology of the Bloomberg platform, and iSentium terminated the relationship with Bloomberg in early 2016. Less than six weeks later, Bloomberg announced the launch of its own sentiment analysis application, which, from Bloomberg's public announcements, appears to be a copy or near copy of the iSentium technology.

The Complaint filed against Bloomberg alleges claims for willful and negligent infringement of the '056 Patent, violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.,* and analogous New York common law misappropriation of trade secrets; breach of the MNDA; as well as unfair competition, promissory estoppel, unjust enrichment, and an accounting.

Defendant Bloomberg contests iSentium's allegations and denies any liability. Like numerous other third parties, iSentium offered an app on Bloomberg's Application Portal, and entered into standard agreements prepared by Bloomberg to do so. Beyond that, the parties had no business relationship. iSentium took steps to terminate the relationship at a time when it was allegedly considering upgrading its technology. Bloomberg did not infringe any iSentium patent, misappropriate any iSentium trade secrets, or engage in wrongdoing of any kind. Bloomberg has its own sentiment analysis product, which it developed independently beginning years before iSentium offered an app on the Bloomberg portal. Bloomberg's product differs markedly from what is claimed in iSentium's patent.

## II. Contemplated Motions

Plaintiff intends to seek limited expedited discovery in support of a preliminary injunction motion against Bloomberg's continued use of its sentiment analysis application. Moreover, Plaintiff is currently reviewing information to determine whether Cooley may have a conflict of interest. While Plaintiff is still investigating the matter, it appears that Cooley may have been iSentium's counsel in connection with the drafting of a data licensing agreement with Bloomberg, and the meaning of that agreement and whether it was breached may become a material issue in this lawsuit. Plaintiff is hopeful that it can work out a voluntary exchange of information regarding this agreement and the extent of Cooley's involvement in this matter, if any, to avoid such motion practice and to see if any conflict can be managed without causing disqualification of counsel.

Defendant Bloomberg has filed a pre-motion letter dated November 22, 2017, advising the Court of its intent to file a motion to dismiss the complaint pursuant to Rule 12(b)(6). Cooley was only recently advised by opposing counsel of the potential conflict of interest noted above and is investigating the matter accordingly. Cooley and opposing counsel have already begun to share information. To date, Cooley is not aware of any conflict, let alone one that would require disqualification.

### III.     Prospect for Settlement

The parties recently had a preliminary discussion wherein each expressed a willingness to discuss an early resolution of this litigation.  It appears that no settlement is likely to be forthcoming at this time, although the parties remain open to the prospect of further discussions as the matter progresses.

                                                Respectfully submitted,

                                                /s/ John D. Lovi
                                                John D. Lovi
                                                Blackstone Law Group LLP
                                                1201 Broadway, 9th Floor
                                                New York, NY 10001-5656
                                                Counsel for Plaintiff

                                                        -and-

                                                /s/ Joseph M. Drayton
                                                Joseph M. Drayton
                                                Cooley LLP
                                                1114 Avenue of the Americas
                                                New York, NY 10036-7798
                                                Counsel for Defendants