

**JOHN D. LOVI**
MANAGING PARTNER
1201 Broadway
New York, New York 10001

P: (212) 779 3070 x 104
F: (212) 779 3070
john@blackstone-law.com

December 27, 2018

***Via ECF***

Hon. P. Kevin Castel
United States District Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   ***iSentium LLC v. Bloomberg Finance L.P. et al., 17-cv-7601(PKC)***

Dear Judge Castel:

On behalf of iSentium LLC ("iSentium"), we write in response to the Court's December 14 Order requesting that plaintiff "set forth its position on discovery."

***First,*** as we stated in our pre-motion letter to the Court, dated December 13, 2018, iSentium's position is that complete merits discovery should be ordered forthwith and a Scheduling Order entered to reflect same. We believe that merits discovery should not be stayed during the pendency of any summary judgment motion made by Bloomberg on the grounds that such a motion is frivolous and intended solely to delay the start of merits discovery in this case.

***Second,*** discovery limited solely to the issue of "parol evidence" regarding the MNDA and the Developer's Agreement at issue in Bloomberg's intended summary judgment motion is unnecessary because the issue of what the contracts say is one of law to be decided by the Court based on the four corners of the contracts, the plain language of those agreements, and the rules of contract construction. *See Goodheart Clothing Company, Inc. v. Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). No discovery is required for the Court to make such a determination, and we understand that Bloomberg's position is that none is needed.

***Third,*** should the Court determine that the language or meaning of the agreements, or any one of them, is "vague and/or ambiguous," that determination alone – which is a legal determination to be made by the Court – should be sufficient to defeat any summary judgment motion. *See United States v. Prevezon Holdings, Ltd.*, 289 F. Supp. 3d 446, 451 (S.D.N.Y. 2018).

**Fourth,** the issue of what to make of "parol evidence" in determining the meaning of contract terms is one of fact for a jury to decide, not one of law for the Court to decide. *See Stratford Grp., Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859, 864 (S.D.N.Y. 1984). Again, this would make summary judgment based on parol evidence nearly impossible. Only if the parol evidence is so overwhelmingly determinative that "no reasonable juror could decide in Plaintiff's favor" would it be appropriate for the Court to grant summary judgment in favor of defendants based on parol evidence. *See Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990); *see also Point Developers, Inc. v. F.D.I.C.*, 921 F. Supp. 1014, 1018 (E.D.N.Y. 1996).

**Fifth,** we believe that this result is further unlikely because iSentium intends to submit affidavits of the CEO who signed the Developer's Agreement and the counsel for iSentium that negotiated it stating that the MNDA and the Developer's Agreement **do not** mean what Bloomberg claims they mean and that the understanding and intent of the contracting parties was exactly the opposite of what Bloomberg would be claiming in its motion. Therefore, we do not see how Bloomberg could successfully argue that the parol evidence would resolve the issue to the degree necessary for the Court to take the issue out of a jury's hands.

**Finally,** if the Court nevertheless wants the parties to conduct discovery now on the issue of "parol evidence" regarding the MNDA and Developer's Agreement – without first determining as a matter of law that the contracts are "vague and ambiguous" on the issues pertinent to Bloomberg's intended motion – iSentium would need the discovery indicated in Addendum A to this letter. We assume in making these discovery requests that this will be iSentium's only opportunity to conduct discovery of Bloomberg on this subject in this litigation. This is important because, if so, we will need to take complete discovery of Bloomberg on this subject, not just discovery sufficient to raise fact issues to defeat a summary judgment motion. Thus, in the event the Court denies Bloomberg's motion, not on the clear meaning of the contracts but rather on fact issues raised by the parol evidence, Bloomberg would be free to argue to a jury the parol evidence, and iSentium would need to have conducted complete discovery of the issue by the time of trial. This is why our list of discovery is more exhaustive than would otherwise be necessary simply to defeat a summary judgment motion.

We look forward to discussing these issues and more at our next conference with the Court.

Respectfully submitted,

John D. Lovi
*Counsel for Plaintiff*

**Addendum A**

**Discovery of Bloomberg related to "Parol Evidence"[1]**

**A.   Documents**

1. All documents concerning the drafting, formation, negotiation, meaning, or execution of the MNDA or Developer's Agreement between Bloomberg and iSentium.
2. All documents concerning the interpretation of the MNDA and Developer's Agreement that Bloomberg is asserting, including any internal memos, correspondence, opinions, etc. concerning the legal interpretation asserted by Bloomberg in its summary judgment motion.
3. All documents concerning any litigation or dispute in which Bloomberg asserts the same or different position of the MNDA or Developer's Agreement than asserted in this case.
4. All MNDAs and Developer's Agreements executed by Bloomberg and any other party in the past seven (7) years.
5. All documents that Bloomberg intends to use as "parol evidence" of either the MNDA or Developer's Agreement in this case.

**B.  Interrogatories**

1. Identify all persons that were involved in any way in the drafting, formation, negotiation, or execution of the MNDA or Developer's Agreement signed by Bloomberg and iSentium, including any drafts thereof.
2. Identify all persons that entered into both an MNDA and Developer's Agreement with Bloomberg in the past seven (7) years.
3. Identify the person(s) most responsible for the drafting of the MNDA.
4. Identify the person(s) most responsible for the drafting of the Developer's Agreement.

**C.  Depositions**

1. All persons identified in response to Interrogatory 1 above.[2]
2. All persons identified in response to Interrogatory 2 above.
3. All persons identified in response to Interrogatories 3 & 4 above.
4. Donna Valentino (the person who signed the Developer's Agreement for Bloomberg)
5. The person who executed the MNDA with iSentium LLC on behalf of Bloomberg Finance, L.P.

---

[1]   iSentium's requests incorporate the standard definitions and instructions pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Southern and Eastern Districts of New York.

[2]   iSentium is willing to limit these depositions to only those persons Bloomberg identifies as a person they intend to offer as a witness in this case on this subject (either by affidavit or live testimony); provided, however, that Bloomberg will be prohibited from calling or using any persons not so identified.